**Edmundo Manuel ARRIAGA–GARCIA Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICES Respondent.**

No. 01–71579.

INS No. A72–667–271.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Dec. 9, 2002.

Before COWEN,** HAWKINS and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Edmundo Manuel Arriaga–Garcia petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his application for suspension of deportation under 8 U.S.C. § 1254(a).

The Attorney General may in his discretion suspend deportation of an alien who shows (1) continuous physical presence in the United States for at least seven years preceding the order to show cause; (2) good moral character; and (3) that deportation would result in extreme hardship to the alien or his or her qualifying spouse, parent, or child. 8 U.S.C. 1254(a)(1).

By statute, no person "who has given false testimony for the purpose of obtaining any [immigration] benefits" during the period for which good moral character is required shall be regarded as a person of good moral character. 8 U.S.C. § 1101(f)(6). In *Ramos v. INS*, 246 F.3d 1264 (9th Cir.2001), we held that statements made under oath during an asylum interview constituted "testimony" for the purpose of obtaining an immigration bene-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fit, and thus § 1101(f)(6) barred a finding of good moral character of an alien who lied under oath in an asylum interview. *Id.* at 1266; *accord In re R–S–J*, 22 I. & N. Dec. 863, 1999 WL 374555 (B.I.A. June 10, 1999).

In 1994, during the relevant period for determining good moral character, Arriaga–Garcia applied for asylum in the United States. While under oath at his asylum interview, Arriaga–Garcia stated that he entered the United States for the first time in 1992. He told the asylum officer that he had been active in the PAN party in Mexico, and described specific incidents of persecution in Mexico in 1991. Arriaga–Garcia now admits that these statements were false, although he claims that he was misled by an individual to whom he paid $600 to procure a work permit and that his interpreter crafted his answers during his asylum interview.

We hold that substantial evidence supports the IJ's conclusion that Arriaga–Garcia lacks good moral character. His statements under oath to the asylum officer, including the statement that he entered the United States for the first time in 1992, constitute false testimony for the purpose of obtaining an immigration benefit within the meaning of § 1101(f)(6). Thus, the statute bars a finding of good moral character.

PETITION FOR REVIEW DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.